UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SG7914

Barbara Baez and William Sierra Garcia,

Plaintiffs,

-against-

THE CITY OF NEW YORK, and Police Officer Rasau Romeo, Shield #21166, **Police Officer James Reyerson, Tax #945290,** Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), both individually and as members of the New York City Police Department.

Defendants.

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

13 – CV – 7077 (RJS)



RECEIVED FEB 07 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiffs, BARBARA BAEZ AND WILLIAM SIERRA GARCIA, by their attorney, STANISLAO A. GERMÁN, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, Police Officer Rasau Romeo, Shield #21166, **Police Officer James Reyerson, Tax #945290,** and Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and The United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiffs were residents of New York County, in the State of New York, in the Southern District of New York, of Latino heritage.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. Defendants, Police Officer Rasau Romeo, Shield #21166, **Police Officer James Reyerson, Tax #945290,** and Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), are and were at all times relevant to this action, police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacity.

9. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On October 6th, 2010, Barbara Baez, a 33 year old female, and her husband, William Sierra Garcia, a 30 year old male, were returning home in their motor vehicle.

12. As they were looking for parking on their New York County street located on 162nd Street between Broadway and St. Nicolas Avenue in the Washington Heights section of Manhattan, they were stopped by New York City Officers for no apparent reason.

13. It was 11:30 p.m. at the time of the illegal detention of the motor vehicle, Mr. Sierra Garcia was driving and Ms. Baez was in the passenger side seat of the car.

14. A marked police car ordered Mr. Sierra Garcia to pull over and he complied.

15. The motor vehicle was approached by officers on both sides.

16. When the officers arrived at the respective sides of the motor vehicle, there was a language barrier that made communication difficult.

17. Ms. Baez attempted to call her niece on her cellular telephone because the niece speaks English and she was at the family home; the vehicle was stopped nearly directly in front of their residence.

18. While Ms. Baez attempted to make the call, the officer snatched the phone out of her hand.

19. A neighbor, who was observing the incident, advised Ms. Baez that the officer is asking for identification.

20. Through the neighbor, who spoke English and Spanish, she told the officer that that her purse was in the trunk.

21. The officer refused to let Ms. Baez retrieve her purse and the officer ordered Mr. Sierra Garcia to open the trunk which he did through a button in the car.

22. The officer goes to the trunk, searches it, and removes Ms. Baez' purse.

23. The officer returns to Ms. Baez' window and proceeds to empty the purse while throwing the items he is removing on Ms. Baez.

24. Ms. Baez protests this outrageous treatment and she is removed out of the car and thrown face down on the ground with the officer's knee on her back.

25. Mr. Sierra Garcia protests his wife's treatment and he is then taken out of the car and handcuffed.

26. Ms. Baez is yelling and protesting and she is subsequently maced.

27. Ms. Sierra Garcia continues to protest what is happening to his wife and he is subsequently maced.

28. Several neighbors began to emerge from their apartment buildings and protest what the officers were doing to Ms. Baez and Mr. Sierra Garcia.

29. Ms. Baez' niece also emerged from her building and when she attempts to inquire she was told to "shut-up" and "don't get any closer or you will be next."

30. At this point, numerous other police officers arrive on the scene and Ms. Baez is taken into custody by a female officer.

31. Mr. Sierra Garcia was taken into custody as well.

32. They were transported to the police precinct in separate police cars.

33. At the police precinct, Barbara Baez and William Sierra Garcia, were placed in different, but adjoining, cells.

34. Ms. Baez was insulted and ridiculed at the precinct as she was called a "whore and bitch" as the officers walked pass the cell.

35. The police officers ridiculed her throughout the night as she was processed and taken to central booking.

36. At their criminal court arraignment, Ms. Baez and Mr. Sierra Garcia were finally informed of the charges against them which included resisting arrest and other related charges.

37. Both Ms. Baez and Mr. Sierra Garcia were released without bail on October 7th, 2010, after more than 24 hours in custody.

38. Upon her release, Ms. Baez went to Colombia Presbyterian Medical Center because she was suffering from back pain following her handling by police officers during her arrest.

39. For several days after their release from custody, Ms. Baez and Mr. Sierra Garcia felt the effects of being maced as their eyes constantly suffered from severe irritation.

40. After returning to court for over five months, and commuting from Massachusetts where Ms. Baez and Mr. Sierra Garcia were now residing, Ms. Baez accepted an adjournment in contemplation of dismissal on March 3rd, 2011.

41. The adjournment in contemplation became final on September 2nd, 2011.

42. Mr. Sierra Garcia continued to return to court for an additional four months and all charges were dismissed upon a motion of the New York County District Attorney's Office on July 11th, 2011.

43. Ms. Baez and Mr. Sierra Garcia were humiliated in front of their family, friends and neighbors.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

44. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

46. All of the aforementioned acts deprived Plaintiffs, Barbara Baez and William Sierra Garcia, of the rights, privileges and immunities guaranteed under by the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

49. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

50. By these actions, these Defendants have deprived Plaintiffs of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

51. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. All of the aforementioned Defendants conspired to violate Plaintiffs' civil rights by agreeing among themselves to falsely charge Plaintiffs with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
### FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

53. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 52 with the same force and effect as if fully set forth herein.

54. As a result of Defendants' aforementioned conduct, Plaintiffs, Barbara Baez and William Sierra Garcia, were subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

55. As a result of the foregoing, Plaintiffs' liberty was restricted for an extended period of time, and they were put in fear for their safety and subjected to handcuffing, and other physical restraints, without probable cause.

56. As a result of their false arrest, Plaintiffs were subjected to humiliation, ridicule and disgrace. Plaintiffs were discredited in the minds of many members of the community.

## FOURTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

57. Plaintiff, William Sierra Garcia, repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 56 with the same force and effect as if fully set forth herein.

58. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

59. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

60. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

61. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

62. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

63. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

64. The criminal proceedings were terminated in Plaintiff's favor on or about July 11th, 2011, when the charges against him were dismissed and sealed.

### FIFTH CLAIM FOR RELIEF:
### ASSAULT UNDER 42 U.S.C. § 1983

65. Plaintiffs, Barbara Baez and William Sierra Garcia, repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 64 with the same force and effect as if fully set forth herein.

66. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

67. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

68. As a result of the excessive force and brutality, Plaintiff sustained substantial pain and bruising and swelling about his body.

69. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.

### SIXTH CLAIM FOR RELIEF:
### MUNICIPAL LIABILITY

70. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 69 with the same force and effect as if fully set forth herein.

71. Defendant Police Officers, arrested Barbara Baez and William Sierra Garcia despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiffs' liberty, well-being, safety and constitutional rights.

72. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

73. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

74. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

75. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs.

76. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

77. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiffs as alleged herein.

78. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs, Barbara Baez and William Sierra Garcia.

79. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiffs' constitutional rights.

80. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

81. All of the foregoing acts by Defendants deprived Plaintiffs, Barbara Baez and William Sierra Garcia, of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from unwarranted and malicious criminal prosecution;

    e. To be free from intentional assault and infliction of emotional distress;

    f. Not to have cruel and unusual punishment imposed upon him; and

    g. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         October 4, 2013

Respectfully submitted,

Stanislao a. Germán (SG 7914)
Attorney for Plaintiff
299 Broadway, Suite 200
New York, New York 10007
(212) 986-6776
stan@myersgaliardo.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BARBARA BAEZ & WILLIAM SERRA GARCIA,

    Plaintiff

-against-

THE CITY OF NEW YORK and Police Officer
RASAU ROMEO and Police Officers "JOHN DOE" #1-4,
(the name "John Doe" being fictitious as the
true names are presently unknown), both
individually and as members of the New York
Police Department.

    Defendant.
_____

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

_____

Law Office of Stanislao A. Germán
Stanislao A. Germán, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986-6776